Avrum J. Rosen, Esq. (AJR- 4016)
The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Plaintiffs
38 New Street
Huntington, New York 11743
(631) 423-8527
ajrlaw@aol.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X<br> In re:<br><br><br>JOSEPH YERUSHALMI,<br><br>         Debtor.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X<br>AMNON SHIBOLETH, individually and on behalf of<br>YERUSHALMI, SHIBOLETH, YISRAELI<br>& ROBERTS, LLP,<br><br>         Plaintiffs<br><br> - against -<br><br>JOSEPH YERUSHALMI,<br><br>         Defendant.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | **Return Date: May 27, 2008**<br>**Time**:  **2:00 p.m.**<br><br>Chapter 7<br><br>Case No. 07-72816-dte<br><br><br><br><br><br><br><br><br>Adv. Proc. No.: 08-8037-dte |

### **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

AMNON SHIBOLETH, individually and on behalf of YERUSHALMI, SHIBOLETH, YISRAELI & ROBERTS, LLP, ("Plaintiffs"), through their attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully represents and states in Opposition to the Defendant's Motion to Dismiss the Complaint as follows:

1. Defendant Joseph Yerushalmi moves to dismiss Plaintiffs' complaint on grounds that the action is time-barred, the complaint fails to state a claim upon which relief

   can be granted, failure to plead fraud with particularity, and collateral estoppel.

2. Plaintiffs brought this action to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2)A), (4) and (6), and to deny the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A), and 727(a)(5).

3. Plaintiffs Amnon Shiboleth and Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP, hold a judgment against both Defendant Joseph Yerushalmi (the "Debtor" and/or "Defendant" and/or "Yerushalami") and Yerushalmi & Associates, LLP (Y & A"), in the sum of $2,036,273.00 plus interest from March 7, 2007.

4. Plaintiffs hold a judgment against Defendant Joseph Yerushalmi individually in the additional amount of $1,503,773.82, plus interest from March 7, 2007.  No part of the total $3,540,046.91 judgment has been paid by either Defendant Joseph Yerushalmi or Y & A.

5. By Verified Complaint dated January 23, 1998, Plaintiff brought an action in the Supreme Court State of New York, County of New York, Index No.: 600350/98, entitled *Amnon Shiboleth and Yerushalmi, Shiboleth, Yisraeli & Roberts, LLP v. Joseph Yerushalmi, et. al.* seeking among other things, judgment directing the judicial dissolution of YSYR, an accounting for YSYR, and judgment permanently enjoining defendants from transferring or disposing of any YSYR partnership property including without limitation the YSYR assets (the "State Court Action").

6. The Decision and Order dated November 28, 2006, in the State Court Action, directing that judgment be entered against the Defendant herein, determining liability on all causes of action and awarding damages against the Defendant, was

based upon the facts and circumstances as alleged in the Verified Complaint which, though primarily for an accounting, encompassed claims by Plaintiff of the Defendants' breach of fiduciary duty and fraud.

7. In connection with the State Court Action, Defendant Yerushalmi brought counter-claims for money damages for alleged conversion, diversion, and/or misappropriation of YSYR assets that were separate and distinct from the accounting action. The Plaintiffs in the State Court Action (the Plaintiffs herein) moved to dismiss the counter-claims because an accounting is the exclusive remedy for all claims between partners arising out of the partnership except where the alleged wrong involves a partnership transaction which can be determined without an examination of partnership accounts.

8. Plaintiffs in the State Court Action argued that this exclusivity rule required the dismissal of all of Yerushalmi's counterclaims for money damages arising out of the YSYR partnership.

9. By Decision and Order dated May 29, 2001, the Honorable Edward H. Lehner, found that "since the only viable counterclaim asserted relates to claims of fraud, conversion, breach of fiduciary duty and other wrongdoing by plaintiff Shiboleth in the operation of the partnership, which claims will also be heard by the referee there is no basis for the relief requested by defendants. A claim by one partner against another arising out of the operation of the partnership cannot be maintained until there has been a full accounting and an accounting is the appropriate mechanism by which partners resolve financial disputes." *Citing, Goodwin v. MAC Resources, Inc.,* 149 A.D.2d 666; *Novaro v. Jomar Real Estate*

*Corp.*, 163 A.D.2d 69; *Travelers Insurance Company v. Meyer*, 267 A.D.2d 124.

10. Annexed hereto as "Exhibit A" is a copy of a Decision and Order of the Hon. Edward H. Lehner dated May 9, 2001 and entered on June 1, 2001. This Exhibit is attached for the purpose of opposing Defendant's legal argument that the complaint is time-barred and is not a matter outside of the pleadings.

11. Defendant moves to dismiss the instant complaint asserting that any fraud claims are time-barred as not having been brought within six years of the date of the fraud, or within two years of the discovery of the fraud.

12. Although the accounting action brought in the State Court alleged grounds for fraud, it is agreed that the State Court action was one for an accounting and that money damages for fraud were not separately sought at that time because any separate action for fraud was premature at that time. Defendants were put on notice of Plaintiffs fraud claims and cannot now argue that the instant complaint is time-barred.

13. It was only after the predicate accounting action was resolved that the statute of limitations on the fraud claims began to run. In fact, the Judgment entered in favor of Plaintiffs that is the subject of the instant non-dischargeability action is pending appeal before the Appellate Division, Second Department. Arguably, the statute of limitations has not even begun to run and therefore the instant complaint is not time-barred.

14. For all of the reasons set forth in the accompanying Memorandum of Law in Opposition to Defendant's Motion to Dismiss, the motion should be denied.

WHEREFORE, it is respectfully requested that the Defendant's Motion to Dismiss

Plaintiff's Complaint be denied in its entirety.

Dated: Huntington, New York
      May 19, 2008

                                              S/ Avrum J. Rosen
                                              Avrum J. Rosen, Esq.
                                              The Law Offices of Avrum J. Rosen, PLLC
                                              Attorneys for Plaintiffs
                                              38 New Street
                                              Huntington, New York 11743
                                              (631) 423-8527