UNITED STATES BANKRUPTCY COURT                          FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:
                                                        Case No. 07-72186-478

JOSEPH YERUSHALMI

                                                        Chapter 7

                              Debtor.
-----------------------------------------------------------x

AMNON SHIBOLETH, individually and on behalf of
YERUSHALMI, SHIBOLETH, YISRAELI,
& ROBERTS, LLP.

                    Plaintiffs,                         Adversary Proceeding
                                                        No. 08-8037-478

        - against -

JOSEPH YERUSHALMI,

                    Defendant

-----------------------------------------------------------x

## MEMORANDUM DECISION

*Appearances:*

Avrum Rosen
*Attorney for Plaintiff*
The Law Offices of Avrum J. Rosen, PLLC
38 New Street
Huntington, NY 11743

Gary M. Kushner and Richard G. Goldberg
*Attorneys for Defendant*
Forchelli, Curto, Crowe, Deegan, Schwartz, Mineo, Cohn, LLP
330 Old Country Road, Suite 301
P.O. Box 31
Mineola, NY 11507

Hon. Dorothy Eisenberg, United States Bankruptcy Judge

Before the Court is the Defendant's motion to dismiss the complaint.  The complaint alleges seven causes of action.  Causes of Action I, II, and III seek a judgment declaring the debt due from Defendant to Plaintiffs to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), § 523(a)(4), and § 523(a)(6).  Causes of Action IV, V, VI, VII seek a judgment barring Debtor's discharge pursuant to § 727(a)(2)(A), § 727(a)(3), § 727(a)(4)(A), and § 727(a)(5) of the Bankruptcy Code, respectively.  Based on the facts of this case and the relevant case law, Defendant's motion to dismiss is granted without prejudice as to Plaintiffs' first cause of action, pursuant to § 523(a)(2)(A), and denied as to all other causes of action.  The following constitutes this Court's findings and conclusions of law as mandated by Fed. R. Bankr. P. 7052.  This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and venue is proper pursuant to 28 U.S.C. §1409(a).  This is a core proceeding under 28 U.S.C. § 157(b)(1), (2)(I), and (J).

<strong>PROCEDURAL HISTORY</strong>

From 1987 to March 31, 1995, Amnon Shiboleth ("Plaintiff" or "Shiboleth") and Joseph Yerushalmi ("Defendant" and/or "Debtor") were partners in a law firm known as Yerushalmi, Shiboleth, Yisraeli & Roberts ("YSYR").  Yerushalmi was a 51% owner and Shiboleth was a 49% owner.  On March 31, 1995, Shiboleth and Yerushalmi agreed to terminate their partnership in YSYR, to wind up YSYR's affairs and to work separately.  Plaintiffs have alleged that upon the dissolution of YSYR, there were fees due and owing to the firm and that these fees were to be collected and deposited in an account maintained by YSYR in order to pay YSYR's creditors and then, were to be applied to settle the partners' capital accounts.

In 1998, approximately three years after the termination of the partnership, Shiboleth states he became aware that Yerushalmi, Yerushalmi & Associates ("Y&A"), the law firm

formed by Yerushalmi after the termination of YSYR, and others, allegedly diverted receivables which were purportedly due to YSYR.  These receivables included a fee generated from a contingency case pending in Delaware on behalf of NSN (the "NSN Case") and fees generated for work performed for the "Phoenix Group" on an hourly basis.

On January 23, 1998, Plaintiffs commenced a state court action (the "Accounting Action").  The accounting between the Defendant and Plaintiffs with respect to YSYR was referred to a special referee on March 7, 2002 for hearing and determination.  After years of litigation, by decision dated November 28, 2006, the special referee found in favor of Plaintiffs. Subsequently on March 7, 2007 a judgment for $3,540,046.91 was entered in the state court accounting action.

On July 25, 2007 Defendant and Y&A filed separately for bankruptcy protection under Chapter 11 of the Bankruptcy Code.  Subsequently both were converted to Chapter 7 by Court order on October 2, 2007.  Plaintiffs filed Proof of Claim #4 in the Debtor's bankruptcy case on September 26, 2007 for the amount of the state court judgment.  On February 29, 2008, Plaintiffs commenced this adversary proceeding, and on April 17, 2008 the Debtor filed the instant motion to dismiss.  Oral arguments were held before the Court on June 3, 2008.

## DISCUSSION

### (a) Standard for Motion to Dismiss

Rule 12 (b)(6) of the Federal Rules of Civil Procedure applies in adversary proceedings by virtue of Rule 7012 of the Federal Rules of Bankruptcy Procedure.  Pursuant to Rule 12(b)(6) a court should grant a motion to dismiss if it appears that the plaintiff can aver no set of facts that entitle the plaintiff to relief.  The Court must read the complaint generously and draw all reasonable inferences in favor of the pleading party. *See e.g., Bell Atl. Corp. v. Twombly,* 127 S.

Ct. 1955, 1965 (2007) (citations and quotations omitted) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

*(b) Defendant's Statute of Limitations and Collateral Estoppel Arguments*

The Defendant has raised statute of limitations and collateral estoppel arguments as defenses to all three of Plaintiffs' Section 523 causes of action. The Defendant's arguments are inappropriate. Plaintiffs are not basing their complaint against the Defendant on collateral estoppel as to any decision made in the state court proceeding. They are seeking a determination as to the discharge and dischargeability of the judgment debt entered in the state court several months prior to the filing of this bankruptcy case pursuant to Sections 523 and 727 of the Bankruptcy Code.

Any arguments as to the timeliness of the underlying claims prior to the state court judgment belonged in the state court for decision. The present issues before this court are as to the dischargeability of the judgment debt pursuant to Section 523, or of the Debtor's right to discharge pursuant to Section 727 of the Bankruptcy Code. The Defendant's motion to dismiss the complaint based on the state statute in regard to the underlying "claim" is misplaced. We no longer have the original claim before this Court. We now have a judgment upon which the Plaintiffs' seek a determination in the Bankruptcy Court as to whether the debt due to them, the amount of the judgment, should be discharged or not, and whether the Defendant's entire indebtedness should or should not be discharged.

Defendant argues that this Court is precluded from hearing Plaintiffs' dischargeability action against Defendant because under state law the statute of limitations for fraud has run. Here the debt that Plaintiffs are seeking to determine the dischargeability of is a judgment that

was already entered in Plaintiffs' state court Accounting Action. That action was timely brought under New York law.

New York state law provides that where a partner seeks to bring an action at law against another partner due to a claim arising out of the partnership, the moving partner must first bring an action for an accounting. *See Wiesenthal v. Wiesenthal*, 40 A.D.3d 1078, 1080 (N.Y. App. Div. 2d Dep't 2007) ("[A] partner may not maintain an action at law for any claim arising out of the partnership until there has been a full accounting and a balance struck, or an express agreement to pay."); *Travelers Insurance Company v. Meyer*, 267 A.D.2d 124, 125 (N.Y. App. Div. 1st Dep't 1999) (affirming dismissal of counterclaims and cross-claims for "breach of fiduciary duty and gross negligence without prejudice to their imposition before the Referee within the framework of the accounting…."); *Kriegsman v. Kraus, Ostreicher & Co.*, 126 A.D.2d 489, 490 (N.Y. App. Div. 1st Dep't 1987).

Before the court is a valid, prepetition state court judgment[1] against Defendant, and the statute of limitations argument against this judgment is without merit. *See In re Friedenberg*, 12 B.R. 901, 905 (Bankr. S.D.N.Y. 1981) ("The state court action was timely filed and a judgment was entered in accordance with New Jersey procedure. The debt was therefore reduced to judgment, and there is no statute of limitations to apply to the issue of dischargeability now before this court. Congress wrote no period of limitation on the age of a debt which a creditor seeks to remain outside a discharge. Were it otherwise, a debtor could so time his petition to extinguish debts assertable in a bankruptcy but not able to survive the bankruptcy discharge.").

Furthermore if a creditor bringing an adversary proceeding under § 523 already has an enforceable state court judgment, he will not be barred from proving the nondischargeability of the debt even if the state statute of limitations for the alleged fraud (or other allegation as the

---

[1] The Defendant has appealed the state court decision and judgment.

case may be) expired prior to the filing of the debtor's petition. *See* Kovalsky-Carr Elec. Supply Co. v. Young (*In re Young*), 313 B.R. 555, 560 (Bankr. W.D.N.Y. 2004); Burt Bldg. Material Corp. v. Silba (*In re Silba*), 170 B.R. 195, 199 (Bankr. E.D.N.Y. 1994).

In *Young*, the plaintiff held a prepetition judgment against the debtor, and brought an adversary proceeding seeking to have the debt declared nondischargeable on the grounds that the debtor had breached a fiduciary duty. *In re Young*, 313 B.R. at 556-57. The debtor argued that the statute of limitations under N.Y. Lien Law had expired and therefore the action should have been dismissed. *See id.* at 557-58. The bankruptcy court disagreed with the debtor and held that because the plaintiff had a valid, enforceable prepetition judgment, he was permitted to try to show that the judgment was nondischargeable. *See id.* at 559–60 (noting that had there been no prepetition judgment and the statute of limitations had run, then there would have been no debt for the bankruptcy court to discharge). The same result would be applicable here if Plaintiffs had not obtained a judgment prepetition. The Defendant cannot raise the statute of limitations argument in this case in regard to Sections 523 or 727 of the Bankruptcy Code.

It is well established that the bankruptcy court retains the exclusive jurisdiction to determine the ultimate question of the dischargeability of the debt under federal bankruptcy law. *See Archer v. Warner*, 538 U.S. 314, 321 (2003) (internal quotations omitted) ("Congress also intended to allow the relevant determination (whether a debt arises out of fraud) to take place in bankruptcy court, not to force it to occur earlier in state court at a time when nondischargeability concerns 'are not directly in issue and neither party has a full incentive to litigate them.'"); Grogan v. Garner, 498 U.S. 279, 284-85 (1991); Brown v. Felsen, 442 U.S. 127, 129 (1979); *Bailey v. Sonnier* (*In re* Sonnier), 157 B.R. 976, 979-80 (E.D. La. 1993).

Here the Accounting Action arose prior to Defendant's bankruptcy filing and it focused on the alleged wrongdoing of Defendant. No bankruptcy concerns were present, and, as discussed above, an accounting action must be brought first by a partner prior to any other causes of action stemming from the partnership. Plaintiffs should not be estopped from asserting that Defendant's debt was in the nature of fraud or breach of fiduciary duty while seeking the nondischargeability of the debt. Accordingly, the Court rejects the Defendant's statute of limitations and collateral estoppel objections to Plaintiff's § 523 Causes of Actions.

***(c)  Is Plaintiffs §523(a)(2)(A) Claim Pled with Particularity, and Does it State a Claim for Relief?***

11 U.S.C. § 523(a)(2)(A) provides as follows:

(a) A discharge under section 727 … does not discharge an individual debtor from any debt --

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

The elements of a nondischargeability claim under § 523(a)(2)(A) have been described by this Court and others as follows:

(1) the debtor made the representations; (2) at the time he knew they were false; (3) the representations were made with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*Grad v. Behham (In re Yacov Benham)*, 2005 Bankr. LEXIS 435, *15 (Bankr. E.D.N.Y. 2007); *see People of the State of New York v. Suarez (In re Suarez),* 367 B.R. 332, 338 (Bankr. E.D.N.Y. 2007).

Plaintiffs have failed to meet the elements required for § 523(a)(2)(A). The complaint is unclear as to what the representations were that Defendant made to Plaintiffs that were false and intended to deceive them. The complaint also lacks particularity as to the fraud committed by the Defendant. Accordingly, the Plaintiffs First Cause of Action shall be dismissed without prejudice, for failure to state a cause of action, and for failure to plead with particularity.

### (d) Plaintiffs' Second Cause of Action – 11 U.S.C. § 523(a)(4)

Plaintiffs' Second Cause of Action seeks to prevent the dischargeability of the Accounting Action judgment under § 523 (a)(4). 11 U.S.C. § 523(a)(4) provides:

> (a) A discharge under section 727 … does not discharge an individual debtor from any debt --

> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

In addition to the statute of limitations and collateral estoppel arguments discussed above, Defendant argues that Plaintiffs Second Cause of Action under § 523(a)(4) cannot stand because Defendant did not owe a fiduciary duty to Plaintiffs once the parties agreed to dissolve the partnership. The duty of partners to each other and to the res of the partnership after they have agreed to dissolve their partnership is the question that the Court now turns to.

### (1) Is There a Fiduciary Relationship During the Winding Up Period of a Partnership?

"A determination of when a fiduciary relationship exists pursuant to section 523(a)(4) is determined by looking to state law." *In re Stone*, 90 B.R. 71, 79 (Bankr. S.D.N.Y. 1988). New York Partnership Law § 61 states that "*on dissolution the partnership is not terminated, but continues until the winding up of the partnership affairs is completed.*" (emphasis added). *See e.g., Chaim Ben-Dashan v. Plitt,* 58 A.D.2d 244, 249 (N.Y. App. Div. 4th Dep't 1977). Although the statute does not characterize which relationship exists with respect to the assets

during the winding up period, case law holds that such relationship is a fiduciary one. *See In the Matter of Sheldon Silverberg*, 81 A.D.2d 640, 641 n.1 (2d. Dept. 1981) (internal citations omitted) ("The partner charged with winding up the affairs of the partnership still retains a fiduciary duty as an agent of the remaining partners with respect to the liquidation of the firm."); *Chaim Ben-Dashan v. Plitt,* 58 A.D.2d at 249 (holding that during the winding up period there is an agency relationship between the liquidating partner and other partners); *Lavin v. Ehrlich*, 80 Misc. 2d 247, 249 (N.Y. Sup. Ct. 1974) (internal citations omitted) ("There may be a relaxation of a partner's duties to his copartners in relationships that look to the future of the newly dissolved partnership.  But, in dealings effecting the winding up of the partnership and the proper preservation of partnership assets during that time, 'the good faith and full disclosure exacted of partners continues.'").

Where neither partner assumes the task of liquidating partner, the law considers both to be charged with the responsibility of winding up the partnership. *See Chaim Ben-Dashan v. Plitt,* 58 A.D.2d at 249 (holding that where both parties delayed in winding up the partnership, both were deemed to share in the expenses and responsibilities caused by the delay); *Meyers v. Kazlow,* 1989 U.S. Dist. LEXIS 4510, *8 (S.D.N.Y. 1989) (internal citations omitted) ("Unless the partnership otherwise agrees, any partner has an equal duty and an equal right to participate in the winding up of the partnership's affairs. Such participation is contemplated to protect the interests of the partnership's creditors, as well as one or more of its minority partners.").

Moreover, New York Partnership Law § 43 provides:

> Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

The "liquidation of the partnership" refers to the winding up process of the partnership.

Here the behavior of the Defendant in regards to the partnership's receivables from a "transaction connected with the … conduct … of the partnership," is clearly in the nature of a fiduciary relationship with the Plaintiffs.  The alleged actions of Defendant to divert legal fees and disbursements owed to YSYR for the benefit of himself and Y&A occurred during the winding up period of the partnership, and he had a duty to account for the receivables that he collected.  The failure to do so may be a breach of his fiduciary duty.  Accordingly, Defendant's motion is denied as to Plaintiffs' § 523(a)(4) cause of action.[2]

### *(e)  11 U.S.C. § 727*

Defendant argues that Plaintiffs' fourth through seventh Causes of Action must be dismissed because Plaintiffs have failed to plead them with particularity in accordance with Bankruptcy Rule 7009(b) and Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 9(b) provides that "[i]n all averments of fraud...the circumstances constituting fraud...shall be stated with particularity."  A plaintiff must set forth the particulars of the acts or omissions alleged so the defendant has adequate notice of the purported wrong and can frame a defense.  *See Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986); *Denney v. Barber*, 576 F.2d 465, 469 (2d Cir. 1978).  The "circumstances constituting fraud" are the facts telling when and where the alleged fraud took place, who was involved, the nature of the fraudulent action and how it was accomplished.  *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 549-50 (8th Cir. 1997).  With this framework in mind, the Court will address Defendant's motion to dismiss Plaintiffs' § 727 causes of action.

### *(1)  Plaintiffs' Fourth Cause of Action – 11 U.S.C. § 727(a)(2)(A)*

---

[2] As the Defendant has not expressly attacked Plaintiff's Third Cause of Action on the grounds that it was not pled with particularity or that it failed to state a claim, the Court will not address it in detail.  However, the Court notes that § 523(a)(6) requires a showing of "willful and malicious injury by the debtor to another entity or to the property of another entity."   As alleged the Defendant has acted in such a manner due to his diversion of distributions and fees from Plaintiffs to Y&A, and that such action was done with the intent of depriving Plaintiffs of monies owed.

Section 727(a)(2)(A) states that a court shall grant the debtor a discharge unless:

(2) the debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed --

(A) property of the debtor, within one year before the date of the filing of the petition.

To prevail on a claim under §727(a)(2)(A), a creditor must prove the following four elements by a preponderance of the evidence: (1) the debtor or his duly authorized agent transferred, removed, destroyed, mutilated, or concealed property; (2) said property belonged to the debtor; (3) the transfer occurred with actual intent to hinder, delay or defraud a creditor or an officer of the estate charted with custody of property under the Bankruptcy Code; and (4) the transfer occurred within one year prior to filing for bankruptcy. *See* Najjar v. Kablaoui (*In re Kablaoui*), 196 B.R. 705, 708 (Bankr. S.D.N.Y 1996).

Upon review of the record before it, the Court determines that Plaintiffs have pled the Fourth Cause of Action with particularity by alleging that within a year of Defendant's bankruptcy filing, Defendant diverted funds owed to YSYR through his actions and the actions of third parties, and he has attempted to hide his finances in an attempt to prevent collection by his creditors, in this case the Plaintiffs. Therefore, Defendant's motion to dismiss Plaintiffs' Fourth Cause of Action is denied.

*(2) Plaintiffs' Fifth Cause of Action – 11 U.S.C. § 727(a)(3)*

Section 727(a)(3) of the Bankruptcy Code provides that a debtor's discharge will be denied if he has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's

financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

The creditor must prove that (1) the debtor failed to keep or preserve books and records and (2) that this failure makes it impossible to ascertain the debtor true financial condition or business transactions. *See* Doubet, LLC v. Palermo (*In re Palermo*), 370 B.R. 599, 612 (Bankr. S.D.N.Y. 2007). If these two elements are satisfied by the creditor, the burden shifts to the debtor to demonstrate that his failure to produce the records was justified. *See* D.A.N. Joint Venture v. Cacioli (*In re Cacioli*), 463 F.3d 229, 235 (2d Cir. 2006). Here Plaintiffs allege that Defendant has failed to provide Plaintiffs with business or personal records relating to the various trusts Defendant is connected to, such as the assets being held by them, the source of said assets, and how they are being used. He also has not provided an accounting of the trusts. Accordingly, Plaintiffs have properly pled this cause of action and there is no basis upon which this complaint should be dismissed.

### (3) Plaintiffs' Sixth Cause of Action – 11 U.S.C. § 727(a)(4)(A)

Section 727(a)(4)(A) states that a court should deny a debtor's discharge if the debtor made a false oath or account "knowingly and fraudulently, in or in connection with the case." When a debtor files for bankruptcy he or she does so under a duty to list all assets and answer all questions on the bankruptcy petition. If a debtor makes a material omission from his or her documentation, then it will be grounds for the court to deny a discharge. *See* Congress Talcott Corp. v. Sicari (*In re Sicari*), 187 B.R. 861, 880 (Bankr. S.D.N.Y. 1994); *see also* Pergament v. Smorto (*In re Smorto*), 2008 U.S. Dist. LEXIS 19235, at *12 (E.D.N.Y. Mar. 12, 2008).

The "false oath or account" Plaintiffs complain of are Defendant's schedules, the signing of which affirms that they are true. The information provided on Defendant's schedules is

questionable in their veracity as there has been conflicting information given at depositions and testimony regarding Defendant's interest in real property, his relationship and prepetition payments to certain alleged insiders, and the identities of Defendant's personal trade creditors and the trade creditors of Y&A. Thus, Plaintiffs have pled their Sixth Cause of Action with the requisite particularity, and Defendant's motion to dismiss is denied.

*(4) Plaintiffs' Seventh Cause of Action – 11 U.S.C. § 727(a)(5)*

Section 727(a)(5) provides that a discharge will be denied if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." This statutory provision is designed to deny a discharge to a debtor if the plaintiff can establish that there has been a loss or deficiency of an asset, and if so, that the debtor has failed to plausibly explain the reason for that loss. *See* Krohn v. Cromer, (*In re Cromer*), 214 B.R. 86, 95 (Bankr. E.D.N.Y. 1997). Plaintiffs' Complaint sets forth that Defendant has failed to provide sufficient information relating to his prepetition assets and liabilities which have resulted in a decrease in the value of this bankruptcy estate. There is sufficient pleading to put Defendant on notice of Plaintiffs' basis for relief under § 727(a)(5). Therefore, Defendant's motion to dismiss Plaintiffs' Seventh Cause of Action is denied.

Whether Plaintiffs can provide proof as to any or all of these allegations remains to be determined at trial.

## CONCLUSION

Based upon the foregoing, the Court holds the following:

(1) Plaintiffs' First Cause of Action is dismissed without prejudice for failure to state a cause of action and for failure to plead with particularity.

(2)  Plaintiffs' Second and Third Causes of Action are not barred on the grounds of statute of limitations or collateral estoppel, and they state a claim upon which relief can be granted. Defendant's Motion to Dismiss with respect to these claims is denied.

(3)  Plaintiffs' Fourth, Fifth, Sixth, and Seventh Cause of Action are allowed as they have been pled with particularity, and Defendant's Motion to Dismiss with respect to these claims is denied.

Dated: Central Islip, New York
        September 4, 2008

                                                    *s/ Dorothy Eisenberg*
                                                    Dorothy Eisenberg
                                                    United States Bankruptcy Judge