UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

                                                  Chapter 7

Joseph Yerushalmi,

                                                  Case No.: 8-07-72816-478

                 Debtor.
--------------------------------------------------------x
Amon Shiboleth and Yerushalmi, Shiboleth,
Yisreali & Roberts, LLP

                 Plaintiffs,

                                                  Adv. Pro. No.: 8-08-08037-478

       - against -

Joseph Yerushalmi,

                 Defendant.
--------------------------------------------------------x

# MEMORANDUM DECISION AND ORDER

*Appearances:*

The Law Offices of Avrum J. Rosen, PLLC
*Attorneys for Plaintiffs*
By: Avrum J. Rosen, Esq.
38 New Street
Huntington, New York 11743

Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP
*Attorneys for Defendant*
By: Gary M. Kushner, Esq.
The Omni
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553

Hon. Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is Plaintiff Amon Shiboleth's motion seeking sanctions on the basis that the Defendant and his counsel acted in civil contempt of this Court's Order dated July 6, 2009 (the "Motion"). This contested matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (J), and (O), and 11 U.S.C. § 105 and Fed. R. Bankr. P. 9020.

<u>FACTS</u>

There are a total of five pending adversary proceedings in the Defendant's bankruptcy case at various stages of litigation involving, *inter alia,* objections to dischargeability of a debt, objections to discharge, and avoidance of alleged fraudulent transfers. The Chapter 7 Trustee of the Defendant's bankruptcy estate commenced one of the adversary proceedings, Adv. Pro. No. 08-8003, against the Defendant and Malka Yerushalmi, the Defendant's former spouse, individually and as Trustees to set aside a transfer of the Defendant's residence located in Great Neck, New York (the "Great Neck Property") to a Qualified Personal Residence Trust (the "QPRT") created in September of 1995 (the "QPRT Action"). The Trustee's QPRT Action seeks a determination that the QPRT is the Debtor's alter ego and that the sole asset of the QPRT, the Great Neck Property, should be deemed property of the bankruptcy estate.

Plaintiff, who is an alleged creditor of the Defendant, filed this adversary proceeding in February of 2008 objecting to the Defendant's discharge of all debts under 11 U.S.C. § 727.

Aside from the QPRT Action and this Section 727 adversary proceeding, at least two other pending adversary proceedings are being held in abeyance pending the state court's decision on remand and a determination of the amount of Plaintiff's judgment against the Defendant, if any, with respect to an accounting action between the Plaintiff and the Defendant (the "Accounting Action"). The Appellate Division had previously directed the state trial court

1

to apportion the value of certain contingency fees that were the subject of the Accounting Action. The Defendant has filed a counter claim and seeks a monetary award with respect to the Plaintiff. To the extent Plaintiff's claim arises from a judgment obtained in the Accounting Action and the state court determines on remand that no amounts are due to the Plaintiff by the Defendant, then the Plaintiff would not be a creditor of the Defendant's bankruptcy estate. For purposes of judicial economy and efficiency, the Court previously determined that the extent of Plaintiff's claim, if any, against the Defendant with respect to the Accounting Action is best left to the state court to determine as the underlying claims in the Accounting Action are matters of state law. As such some of the adversary proceedings before this Court was stayed until the state court renders its decision.

In order to defend against the Plaintiff's adversary proceeding seeking to bar the Defendant's discharge and the adversary proceeding to set aside the QPRT, the Defendant sought to examine the individual Plaintiff. The Plaintiff resisted being examined and argued that the underlying Accounting Action should be left to be dealt with by the appropriate state court litigation. Because these two adversary proceedings did not rely solely on the Accounting Action to find certain facts necessary to proceed, this Court permitted the examination of Shiboleth with respect to these adversary proceedings but expressly limited any inquiry as to the specific facts in the Accounting Action.

In particular, notwithstanding the uncertainty of Plaintiff's status as a creditor of the bankruptcy estate, in the interest of judicial efficiency the Court permitted Defendant to move forward and undertake discovery in this adversary proceeding to discover whether there is any basis for Plaintiff's objections to the Defendant's discharge under section 727 of the Bankruptcy

Code. This Court entered an Order dated July 6, 2009 (the "July 6, 2009 Order") directing Plaintiff Amon Shiboleth ("Shiboleth") to "appear, at a deposition to be deposed as to the allegations contained in the adversary proceeding complaint relating only to all allegations relating to the causes of action under 11 U.S.C. section 727 et. seq."  In the same Order, the Court also direct that "should the Defendant seek to go beyond those allegations into other matters pending before this or any other court, the Defendant, and its counsel shall be subject to sanctions in an amount to be determined by this Court . . . ."  The prohibition contained in the July 6, 2009 Order encompassed matters relating solely to the Accounting Action.

The Defendant's counsel took the deposition of Shiboleth as a nonparty witness on July 7, 2010 (the "July 7 Deposition") pursuant to a subpoena issued in the QPRT Action.  The Defendant's counsel then took a second deposition of Shiboleth on July 15, 2010 (the "July 15 Deposition") in connection with Plaintiffs' allegations in the instant adversary proceeding seeking to deny the Defendant his discharge under 11 U.S.C. § 727.  During these depositions, Plaintiffs' counsel objected to various questions by Defendant's counsel on the ground that these questions were asked in violation of the court's July 7, 2009 Order on the basis that the Defendant was seeking information relevant to the Accounting Action.  As previously discussed, this court allowed the examination of the Plaintiff for the limited purpose of obtaining information relating to other facts than any facts pertaining to the Accounting Action being dealt with by the state court. Plaintiff's counsel allowed Shiboleth to answer the questions but reserved the right to bring the matter before this Court for a determination as to sanctions.

On October 10, 2010, Shiboleth filed this Motion for an order finding the Defendant and his counsel in civil contempt of the Court's July 6, 2009 Order and requesting that sanctions be

3

imposed.  Shiboleth alleges that during the July 7 Deposition and July 15 Deposition,

Defendant's counsel questioned him about matters regarding the Accounting Action despite

repeated objections and warnings from Shiboleth's counsel that Defendant's counsel was in

violation of the Court's July 6, 2009 Order and that Defendant and his counsel would be subject

to contempt.  Specifically, Shiboleth seeks an order (1) finding the Defendant and his counsel in

contempt of this Court's July 6, 2009 Order, (2) awarding costs of this Motion and the time spent

attending those portion of the depositions that were in violation of this Court's order, including

attorneys' fees and disbursements, (3) striking portions of his testimony that were in violation of

the Court's July 6, 2009 Order and (4) prohibiting any further depositions of Shiboleth.

        Defendant's counsel filed an affirmation in opposition to the Motion arguing that he did

not violate the Court's July 6, 2009 Order because that Order was entered in this adversary

proceeding and did not apply to a subpoena issued for the July 7 Deposition pursuant to the

QPRT Action.  Moreover, Defendant argues  that in order for the Trustee to be successful in the

QPRT Action, the Trustee would need to prove that the Defendant created the QPRT to prevent

Shiboleth from collecting a judgment obtained with respect to the Accounting Action against the

Defendant and that the existence of the QPRT and the transfer of the Great Neck Property was

never disclosed to the Plaintiffs.  Defendant's counsel states that his defense against the QPRT

Action necessitated questions concerning whether Shiboleth had knowledge of Defendant's

formation of the QPRT and the transfer of the Great Neck Property to the QPRT, such as

whether Shiboleth had custody of YSYR's files which included files relating to the QPRT and

whether Shiboleth was a managing partner of YSYR.  Defendant's counsel argued that Shiboleth

sought to deny that he was the managing partner of YSYR and that counsel sought to confront

4

Shiboleth with testimony he gave in the Accounting Action at the July 7 Deposition.

With respect to the July 15 Deposition, Defendant's counsel explained that he asked Shiboleth the basis of his claims against the Defendant in this adversary proceeding objecting to the Defendant's discharge. Because Shiboleth answered that one of the claims is his judgment in the Accounting Action (the "Judgment") against the Defendant, Shiboleth thereby "invited" questioning about the elements that made up the Judgment. It is some of those elements (i.e., various receivables or fees) which are before the trial court on remand from the Appellate Division. Defendant's counsel states that the purpose of his questions was to set forth a record of what Shiboleth's monetary claims were with regard to the Judgment and to determine with certainty that there were no other monetary claims against the Defendant besides the Judgment in this adversary proceeding.

<u>DISCUSSION</u>

As set forth under section 105(a) of the Bankruptcy Code,

> [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Pursuant to Bankruptcy Rule 9020 this Court may consider and hear a motion for an order of contempt filed by a party in interest. Fed. R. Bankr. P. 9020.

It has been established that "federal courts possess the inherent power to punish for contempt." *D'Orange v. Feely*, 959 F. Supp 631, 634 (S.D.N.Y. 1997)(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). 'The Court's inherent power to hold a party in contempt "reach[es] conduct before the court and beyond the court's confines" and is a necessary function

for purposes of managing and maintaining order to the efficient and expeditious administration of justice.' *Cordius Trust v. Kummerfeld Assocs., Inc.*, 658 F.Supp. 2d 512, 515 (S.D.N.Y. 2009)(citing *Leadsinger, Inc. v. Cole*, No. 05 Civ. 5606(HBP), 2006 WL 2266312, at *8 (S.D.N.Y. Aug. 4, 2006)).

The purpose of holding a party in civil contempt is to compensate the other party or to coerce compliance with a court order for the other party's benefit. *In re Maloney*, 204 B.R. 671, 674 (Bankr. E.D.N.Y. 1996). A party seeking to hold the other party in civil contempt bears the burden of proof that the other party failed to comply with a court order. *In re Flushing Hospital and Medical Center*, 395 B.R. 229, 241 (Bankr. E.D.N.Y. 2008). The movant must show that "(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of non-compliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *In re Frankel*, 192 B.R. 623, 628 (Bankr. S.D.N.Y. 1996) *citing New York State National Organization for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989), *cert. denied*, 495 U.S. 947 (1990). "A court may hold a party in contempt even if that party acted in good faith." *In re Flushing Hospital and Medical Center,* 395 B.R. at 241 (citing *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 129 n.2 (2d Cir. 1979)(stating that a prohibited act done in good faith does not preclude the imposition of civil contempt because such sanction is remedial in nature)).

In this case, the Court's July 6, 2009 Order was clear and unambiguous. The Court's July 6, 2009 Order directed Shiboleth to appear at a deposition whereby he was to be deposed only as to allegations underlying his objection to the Defendant's discharge and not any matters pending before this or any other Court. The July 6, 2009 Order was entered only in this

6

adversary proceeding because it was contemplated at the time that a deposition was to be conducted in connection with this adversary proceeding and no mention was made of a possible deposition with respect to the QPRT Action. When Defendant's counsel served the subpoena on Shiboleth with respect to the QPRT Action, Plaintiffs' counsel did not file any motion to quash such subpoena. Accordingly, Defendant had a right to depose Shiboleth at the July 7 Deposition on matters relating to the QPRT Action.

The right to ask questions at the July 7 Deposition was not limitless, however, as the deposition needed to be relevant to the QPRT Action. Fed. R. Bankr. P. 7026(b). Moreover, this Court has previously determined with respect to two of the other pending adversary proceedings in this bankruptcy case that the basis and validity of Shiboleth's claims in the Accounting Action under state law and the amount of his Judgment, if any, are subject to the jurisdiction of the state court. While this Court did not hold this adversary proceeding and the QPRT Action in abeyance pending a determination by the state court, to the extent issues relating to the basis and validity of Shiboleth's claims in the Accounting Action and/Judgment and thereby Shiboleth's standing as a creditor based upon the results of the Accounting Action are raised in these proceedings, these issues are best left to the state court for purposes of consistency and judicial economy. Based upon all the various proceedings that took place in this Court, it was clear that the Court would not go into the issue of Shiboleth's standing until the state court rendered its decision.

During the July 7 Deposition, Defendant's counsel asked several questions as to what claims Plaintiffs have against the Defendant and the bankruptcy estate. Such questions may be reasonable to determine the scope of Shiboleth's claims. However, once Shiboleth answered

that all his claims were embodied in the Judgment which arose from matters raised in the

Accounting Action, any further questions regarding the underlying basis for Shiboleth's

Judgment and/or claims in the Accounting Action and the support for such claims, including

questions seeking to expand upon Shiboleth's answers that he elicited, would be beyond the

scope of the QPRT Action and this adversary proceeding.  As discussed above, these questions

or answers that they sought to elicit would relate to the issue of Shiboleth's standing as a creditor

of this bankruptcy estate which is dependent upon the state court's determination.  Nevertheless,

Defendant's counsel continued to question Shiboleth about loans Shiboleth stated that he made

to YSYR that constituted part of his claim against the Debtor in the Accounting Action and the

debt obligations of YSYR as of March 1995.  Shiboleth Dep. 142:15 to 148:20, 152:8 -152:15,

169:4-172:21, 183:13-192:17, 200:16-203:9, and 206:14 -209:6, July 7, 2010.  In addition,

Defendant's counsel questioned Shiboleth about an accounting he submitted in the Accounting

Action regarding the solvency of YSYR in 1995 and the value of YSYR in March of 1995 which

were issues raised in the Accounting Action but do not appear to have any relevance to the

QPRT Action or even this Section 727  adversary proceeding nor has Defendant shown how

such accounting was relevant to the allegations raised in the QPRT Action and this Section 727

adversary proceeding.  Shiboleth Dep. 181:25-183:10 and 206:14 -209:6, July 7, 2010.

Similarly, during the July 15 Deposition, Defendant's counsel again repeatedly

questioned Shiboleth regarding his understanding about what was awarded to him and YSYR

and the various awards of damages issued in the state court Judgment.  Shiboleth Dep. 13:10-

26:6 and 29:17 -39:24, July 15, 2010.  All these questions related to Shiboleth's standing as a

creditor based upon the Judgment obtained in the Accounting Action which amount was vacated

8

and remanded to the lower state court.  In particular, these questions that were asked in the July 15 Deposition were in direct violation of the Court's July 6, 2009 Order as this order specifically prohibited the Defendant from going beyond allegations contained in this Section 727 adversary proceeding and into other matters pending before the state court without first obtaining this Court's authorization.  To the extent Defendant sought any discovery on issues pending in the Accounting Action, such discovery should be undertaken pursuant to applicable New York Civil Practice Law and Rules and not the federal Bankruptcy Rules and should not have been raised in these adversary proceedings.

Accordingly, the Court finds that noncompliance by Defendant's counsel with the Court's July 6, 2009 Order to be clear and convincing.  Furthermore, Defendant's counsel did not diligently attempt in a reasonable manner to comply with such order as he was repeatedly reminded by Plaintiff's counsel that his questions were in violation of the Court's July 6, 2009 Order.  Defendant's counsel persisted in order to establish what basis Shiboleth had for claiming that he is a creditor even though the Court stated that the determination of Shiboleth's claim under the Accounting Action was left for the state court to decide.  Shiboleth Dep. 191:7-16, July 7, 2010, Shiboleth Dep. 17:1718:18, 21:8-10, 22:7-11, 25:12-18, and 33:11-35:21, July 15, 2010.  Accordingly, the Court finds that the Defendant's counsel failed to comply with this Court's July 6, 2009 Order with respect to the July 7 Deposition and July 15 Deposition.

## CONCLUSION

Based upon the foregoing, and a review of the record taken at the examinations, the Plaintiff's motion for civil contempt is warranted and is granted in part and denied in part as set forth below.

9

Because questions by Defendant's counsel relating to the basis and validity of Shiboleth's claims should have been raised in the Accounting Action and not in the QPRT Action or in this Section 727 adversary proceeding, whether directly or indirectly, the transcripts of the July 7 Deposition and the July 15 Deposition may not be used in the Accounting Action or any other proceeding pending before this Court without application and further order of this Court.

While Shiboleth requests that he not be subject to any further depositions, the Court finds this to be overly broad and unnecessary. Remedies are available to Shiboleth under Bankruptcy Rules 7026 and 9016, among others. Shiboleth can make an application to the Court where and when it is appropriate and the Court will determine whether further depositions should be limited on a case by case basis.

With respect to Shiboleth's request for costs of the Motion for time spent attending those portions of the deposition that were in violation of this Court's order such request is granted. Plaintiff's counsel did not attach any billing and time records showing the costs incurred for bringing this Motion or the time attributable portions of the deposition that were in violation of the Court's order. Plaintiff's counsel has ten days from the date of this Memorandum Decision and Order to submit any relevant documentary evidence (on notice to Defendant's counsel) as to the cost incurred and Defendant shall have one week to file opposition. The Court will then issue its decision as to the amount of the sanction.

So ordered.

Dated: Central Islip, New York
January 10, 2011

Dorothy Eisenberg
United States Bankruptcy Judge