UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

Joseph Yerushalmi,

    Debtor.
--------------------------------------------------------x
Amon Shiboleth and Yerushalmi, Shiboleth,
Yisreali & Roberts, LLP

    Plaintiffs,

 - against -

Joseph Yerushalmi,

    Defendant.
--------------------------------------------------------x

    Chapter 7

    Case No.: 8-07-72816-478

    Adv. Pro. No.: 8-08-08037-478

# MEMORANDUM DECISION AND ORDER

*Appearances:*

    The Law Offices of Avrum J. Rosen, PLLC
    *Attorneys for Plaintiffs*
    By: Avrum J. Rosen, Esq.
    38 New Street
    Huntington, New York 11743

    Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP
    *Attorneys for Defendant*
    By: Gary M. Kushner, Esq.
    The Omni
    333 Earle Ovington Blvd., Suite 1010
    Uniondale, New York 11553

Hon. Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is the Defendant's motion for reconsideration (the "Reconsideration Motion") of the Court's January 10, 2011 Memorandum Decision and Order granting the Plaintiff's motion for contempt (the "Contempt Motion"). In granting the Plaintiff's Contempt Motion after a hearing on oral arguments by both parties, the Court, *inter alia*, (1) found the Defendant and Defendant's counsel to be in civil contempt of the Court's July 6, 2009 Order entered in this adversary proceeding, (2) limited the Defendant's use of the Plaintiff's deposition testimony without application and further order of the Court; and (3) directed the Plaintiff's counsel to submit evidence of costs incurred for attending portions of the deposition that were in violation of the Court's July 6, 2009 Order to determine the amount of civil sanction that would be appropriate (the "Memorandum Decision and Order").

Familiarity with the factual background and the circumstances of this bankruptcy case, the related adversary proceedings, the pending proceedings on remand in the accounting action between the parties before the state court (the "Accounting Action"), and the Court's Memorandum Decision and Order is presumed and only the facts relevant to the issue before the Court shall be stated herein.

Defendant argues that the Defendant's questions the Court cited to in its Memorandum Decision and Order as being in violation of the Court's July 6, 2009 Order were only tangentially related to the state court Accounting Action and were at most irrelevant to the adversary proceedings before this Court and should not warrant the imposition of civil sanctions. In addition, the Defendant argues that there was no prejudice to the Plaintiff because the deposition testimony in question cannot be used in the Accounting Action. For the first time, the Defendant informs the Court that the parties agreed at a hearing before the Special Referee in the

Accounting Action held on October 29, 2010 that the evidence for consideration in the remanded proceedings concerning the NSN and Phoenix fees will be limited to the existing record of the case before the state trial court and appellate court and that no other testimony or documents would be allowed.  Defendant also asserts that Plaintiff's counsel raised no objection during the deposition to the questions asked by Defendant's counsel which were cited by the Court in its Memorandum Decision and Order, as examples of questioning that went beyond the scope of the July 6, 2009 Order.  Defendant explained that certain questions asked of the Plaintiff relate to obtaining information to support certain affirmative defenses against the adversary proceeding brought by the Chapter 7 trustee of the Debtor's bankruptcy estate with respect to the Qualified Personal Residence Trust (the "QPRT Action") that holds title to the Debtor's personal residence.  In addition, Defendant argues that award of attorneys' fees and cost as sought by the Plaintiff are excessive and unreasonable.

Plaintiff opposed the Reconsideration Motion on the grounds that: 1) the motion was not timely made; 2) the Defendant has not satisfied his burden of showing that there was a clear error of law or manifest injustice that warrants an amendment to the Court's Memorandum Decision and Order; 3) the October 29, 2010 hearing before the Special Referee in the Accounting Action where the Defendant agreed to use only the existing record before the state courts took place after the Plaintiff's Contempt Motion was filed on October 25, 2010 and that if the Defendant sought to introduce into the Accounting Action the Plaintiff's deposition testimony taken in the QPRT adversary proceeding, it would have been in further contempt of the Court's July 6, 2009 Order; and 4) Plaintiff's counsel asserted that he had objected to the Defendant's line of questioning throughout the two days that the deposition in question took

place and that the objections were based upon the Court's July 6, 2009 Order.

## DISCUSSION

As an initial matter, pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, a motion to alter or amend a judgment entered by the court must be filed within 14 days after entry of the judgment. Fed. R. Bankr. P. 9023. The Reconsideration Motion was filed on January 31, 2011 which is more than 14 days after the entry of this Court's Memorandum Decision and Order. Accordingly, the Defendant's Reconsideration Motion is untimely.

Next, a motion for reconsideration is treated as a motion to alter or amend a judgment which is governed by Fed. R. Civ. P. 59. There are three reasons for a court to grant a motion for reconsideration: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *In re Parikh*, 297 B.R. 518, 523 (Bankr. E.D.N.Y. 2008). A motion brought under Fed. R. Civ. P. 59 is not an opportunity for parties to relitigate previously-decided matters, present the case under new theories or raise arguments that could have been previously raised. *Id.*; *In re Old Carco LLC*, No. 09 B 50002 (AJG), 2010 Bankr. LEXIS 389, *7 (Bankr. S.D.N.Y. Jan. 11, 2010). "A motion based on manifest error of law or fact will not be granted except on a showing of some substantial reason. The burden is on the movant to demonstrate these manifest errors." *In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr. S.D.N.Y. 1986). The decision to grant or deny a motion for reconsideration is within the court's discretion. *In re Old Carco LLC*, 2010 Bankr. LEXIS 389 at *5.

In this case, there is no intervening change in controlling law or newly available evidence

being presented that was not previously available. Defendant bases his Reconsideration Motion on the grounds that if the Memorandum Decision and Order is not amended, then there would be a clear error of law or manifest injustice to the Defendant. The Court finds that the Defendant has not satisfied his burden of showing the existence of an alleged clear error of law or manifest injustice.

Defendant's arguments that some of the questions asked at the Plaintiff's deposition were only tangentially related to the Accounting Action or that they were at most irrelevant to the QPRT Action are similar to the arguments raised in his response to the Plaintiff's Contempt Motion. Defendant's detailed explanation of how his questioning of the Plaintiff regarding the Defendant's creditors and debts were related to the Defendant's affirmative defenses in the QPRT Action were arguments that should have been raised when the Defendant initially opposed the Plaintiff's Contempt Motion. It is inappropriate that the Defendant uses the Reconsideration Motion to relitigate these issues when he had ample opportunity to raise them at the hearing on the Contempt Motion, prior to this Court's decision thereon. Furthermore, contrary to the assertion by Defendant's counsel that Plaintiff's counsel did not object to the line of questioning, the transcript is clear that Plaintiff often objected to the questions asked or reminded Defendant's counsel of the scope of the July 6, 2009 Order only to be rebuffed by Defendant's counsel, including requests by Plaintiff's counsel to contact this Court to resolve their disputes as to what was appropriate within the scope of the July 6, 2009 Order. Moreover, after consideration of the Defendant's arguments and explanations, the Court finds that the outcome of the Court's Memorandum Decision and Order would still remain the same.

In addition, the Court finds the Defendant's claim that there is no prejudice to the

Plaintiff because the Defendant cannot use the Plaintiff's deposition testimony in the Accounting Action to be irrelevant to the Court's prior finding that the Defendant and his counsel were in contempt of the Court's July 6, 2009 Order. There is no evidence that the Defendant had agreed not to use any deposition testimony or document from the bankruptcy proceeding prior to the dates the Plaintiff's deposition testimony were taken. Rather, the hearing before the Special Referee at which the parties agreed to limit the remanded proceeding to the existing record before the state court occurred after the Plaintiff's Contempt Motion was filed and was not even mentioned in the Defendant's opposition papers or at the hearing on oral arguments with respect to the Contempt Motion. The Court finds that the agreement by the parties to limit the remand proceedings to the existing record before the state court to be consistent with the Court's July 6, 2009 Order and January 10, 2011 Memorandum Decision and Order that the Plaintiff's deposition by the Defendants should be limited in its scope and should not address the Accounting Action and thus should not be used in the Accounting Action without prior approval of this Court.

Moreover, there is no manifest injustice to the Defendant in the Court's limitation of his use of the Plaintiff's deposition testimony as the Court has not stricken the Plaintiff's deposition testimony. Should the Defendant feel the need to use the Plaintiff's deposition testimony in the QPRT Action or any other proceeding, the Memorandum Decision and Order does not bar the Defendant from seeking prior approval from the Court for its use, introduction or admission. In addition, the Memorandum Decision and Order does not prohibit the Defendant from seeking further deposition testimony from the Plaintiff and the Defendant can make an application for the Court to do so.

Accordingly, the Defendant's Reconsideration Motion is denied.

With respect to the issue of Plaintiff's award for attorneys' fees and cost for having to bring the Contempt Motion, the Court has considered the Plaintiff's time records and the submissions by both parties. Because it is impossible to be precise with respect to the attorneys' fees and costs incurred by Plaintiff's counsel in attending portions of depositions that were in violation of the Court's July 6, 2009 Order, the Court finds that an award of $3,593 as attorneys' fees and costs of $2,011 to be an appropriate and reasonable civil sanction for Defendant's contempt.

## CONCLUSION

Based upon the foregoing, the Defendant's Reconsideration Motion is denied. The Plaintiff is awarded $5,604 in attorneys' fees and costs as sanctions for Defendant's contempt of this Court's July 6, 2009 Order. The Defendant is directed to pay Plaintiff's counsel $5,604 within 21 days of the entry of this Order.

So Ordered.

**Dated: Central Islip, New York**
**June 13, 2011**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**

6